```
 1                UNITED STATES DISTRICT COURT

 2                MIDDLE DISTRICT OF FLORIDA

 3                    ORLANDO DIVISION

 4            Docket No. 6:12-cr-63-Orl-31GJK

 5

 6  . . . . . . . . . . . . . . ..
    UNITED STATES OF AMERICA      :
 7                                :
              Plaintiff           :      Orlando, Florida
 8            v.                   :      August 28, 2012
                                  :      10:05 a.m.
 9  JONATHAN PAUL JIMENEZ         :
                                  :
10            Defendant           :
    . . . . . . . . . . . . . . ..
11

12

13              TRANSCRIPT OF CHANGE OF PLEA

14         BEFORE THE HONORABLE GREGORY J. KELLY

15            UNITED STATES MAGISTRATE JUDGE

16

17  APPEARANCES:

18

19  For the Plaintiff:          Roger Handberg

20

21  For the Defendant:          Drew Sorrell

22

23

24  Proceedings recorded by tape-recording, transcript produced

25  by computer-aided transcription.
```

```
 1                    P R O C E E D I N G S

 2          THE DEPUTY CLERK:  Case number

 3   6:12-cr-63-ORL-31GJK, United States of America v Jonathan

 4   Paul Jimenez.

 5       Counsel, please state your appearances for the record.

 6          MR. HANDBERG:  Good morning, Your Honor.  Roger

 7   Handberg on behalf of the United States.  With me is Kevin

 8   Duman [phonetic] with the Federal Bureau of Investigation

 9   and Don Metzger with the Internal Revenue Service.

10          THE COURT:  Good morning.

11          MR. SORRELL:  Good morning, Your Honor.  Drew

12   Sorrell for Mr. Jimenez.

13          THE COURT:  Good morning.  Mr. Sorrell, it's my

14   understanding that your client wishes to enter a guilty plea

15   with respect to both counts of the indictment; is that

16   correct?

17          MR. SORRELL:  That's correct, Your Honor.

18          THE COURT:  All right.  Let's go ahead and place

19   Mr. Jimenez under oath.

20                      (DEFENDANT SWORN)

21          THE DEFENDANT:  Yes, ma'am.

22          THE COURT:  All right.  State your full name,

23   please, sir.

24          THE DEFENDANT:  Jonathan Paul Jimenez.

25          THE COURT:  How old are you?
```

 1              THE DEFENDANT:  Twenty-eight, sir.

 2              THE COURT:  What level of education do you have?

 3              THE DEFENDANT:  Ninth grade.

 4              THE COURT:  All right.  Do you read, speak and

 5    understand English well?

 6              THE DEFENDANT:  Yes, sir.

 7              THE COURT:  You're a U.S. citizen as well,

 8    correct?

 9              THE DEFENDANT:  Yes.

10              THE COURT:  All right.  Are you under the

11    influence of drugs, alcohol or medication of any kind?

12              THE DEFENDANT:  No, sir.

13              THE COURT:  Do you suffer from any form of mental

14    illness whatsoever?

15              THE DEFENDANT:  No, sir.

16              THE COURT:  Are you clear-minded here today?

17              THE DEFENDANT:  Yes, Your Honor.

18              THE COURT:  And are you prepared to make your best

19    decision for yourself about whether or not you should enter

20    a guilty plea in regard to the charges against you?

21              THE DEFENDANT:  Yes.

22              THE COURT:  All right, sir.  If at any point in

23    time you do have difficulty understanding what's being said,

24    I want you to just let us know so that we can address that

25    and provide clarification for you.  Will you do that for us?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  All right.  I've received a couple --

3          MR. SORRELL:  Your Honor, if I may, just

4     clarifying.

5       Mr. Jimenez does have a history of some mental illness.

6     We're not saying today that that's an issue, just there's a

7     history of that in the past.

8          THE COURT:  Okay.  That's fine.  Is he under any

9     medication?

10         MR. SORRELL:  No, Your Honor.  He's not.  I have

11    no reason to believe he's not competent to go through the

12    proceedings today.

13         THE COURT:  Okay.  All right.  Mr. Jimenez, I've

14    received a couple of documents, the first is entitled

15    "Notice Regarding Entry of a Plea of Guilty."  Is that a

16    document you've reviewed and signed?

17         THE DEFENDANT:  (No verbal response.)

18         THE COURT:  It would have been a form that you

19    would have reviewed this morning.

20         MR. SORRELL:  We -- I'm -- sorry, Your Honor.  We

21    did review it and sign it this morning, and I just forgot it

22    because I headed back to --

23         THE COURT:  All right.  Let me just ask your

24    client that question.

25       Did you review and sign that document?

```
 1              THE DEFENDANT:  Yes, sir.

 2              THE COURT:  All right.  You understand that by

 3    signing off on that you are authorizing me to conduct the

 4    hearing today in order to make a recommendation to your

 5    district court judge about whether or not your desire to

 6    enter a guilty plea should be accepted by the Court,

 7    correct?

 8              THE DEFENDANT:  Yes, sir.

 9              THE COURT:  You know I won't have any involvement

10    whatsoever in connection with determining your sentence if

11    your desire to enter a guilty plea is accepted by the Court,

12    correct?

13              THE DEFENDANT:  Correct.

14              THE COURT:  All right.  The second document is

15    entitled "Consent to Institute a Presentence Investigation

16    and Disclose the Report Before Conviction of Plea of

17    Guilty."  Is that a document you did review and sign?

18              THE DEFENDANT:  Yes, Your Honor.

19              THE COURT:  You understand that by signing off on

20    that you're authorizing the probation office to go out and

21    conduct a background investigation about you and to prepare

22    a report containing facts that they think the Court should

23    rely upon in connection with determining your sentence,

24    correct?

25              THE DEFENDANT:  Correct.
```

1          THE COURT:  All right, sir.  I want to make sure

2     that you understand what the government would need to prove

3     beyond a reasonable doubt in order to establish you're

4     guilty of each of the two charges against you.

5          In order to do that, I'd like to make reference to the

6     Notice of Maximum Penalty Elements of Offense,

7     Personalization of Elements, and Factual Basis document that

8     was filed in your case at docket entry 54.  Do you have a

9     copy of that there with you?

10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  All right, sir.  In regard to count

12     one there are three elements the government must prove

13     beyond a reasonable doubt; the first is that two or more

14     people in some way or manner agreed to accomplish a shared

15     and unlawful plan; the second is that you, knowing the

16     unlawful purpose of that plan, nevertheless willfully joined

17     in it; and the third is that the plan was to defraud the

18     government by obtaining payment or allowance of a claim

19     based on a false or fraudulent material fact.

20          Sir, do you have any question for me whatsoever about

21     what the government would need to prove beyond a reasonable

22     doubt in order to establish you're guilty of the charge

23     against you in count one?

24          THE DEFENDANT:  No, sir.

25          THE COURT:  Do you believe you understand it?

```
1              THE DEFENDANT:  Yes, sir.

2              THE COURT:  In your own words, what is your

3    understanding of the charge you're facing in count one, sir?

4              THE DEFENDANT:  Um...

5              THE COURT:  The charge, not the -- not the

6    underlying facts, just --

7              THE DEFENDANT:  The tax, the tax evasion.

8              THE COURT:  All right.  With respect to this, it

9    is making a false state -- conspiring to make a false

10   statement to the government in order to obtain a benefit.

11             THE DEFENDANT:  Yes.

12             THE COURT:  You understand that?

13             THE DEFENDANT:  Yes.

14             THE COURT:  You're right.  In this particular

15   context it has to do with filing a tax return.

16             THE DEFENDANT:  Yes.  Correct.

17             THE COURT:  Okay.  All right.  With respect to

18   count two there are five elements that the government must

19   prove beyond a reasonable doubt, which are these:  First,

20   that you made a statement as charged; second is that that

21   statement was false; the third is that the falsity concerned

22   a material matter; the third [sic] is that you acted -- I'm

23   sorry, the fourth is that you acted willfully, knowingly,

24   and knowing that this statement was false; and that the

25   fifth is that the false statement was made or used for a
```

```
 1    matter within the jurisdiction of a department or agency of

 2    the United States involving international terrorism.

 3         Sir, do you have any question for me whatsoever about

 4    what the government would need to prove --

 5              THE DEFENDANT:  Can I ask my --

 6              THE COURT:  Sure.  Go ahead.

 7              THE DEFENDANT:  Thank you.

 8                   (Off the record discussion.)

 9              THE DEFENDANT:  Yes, sir.

10              THE COURT:  Okay.  You were able to listen to each

11    of the five elements that I just reviewed, correct?

12              THE DEFENDANT:  Correct.

13              THE COURT:  All right.  You understand them?

14              THE DEFENDANT:  Yes, sir.

15              THE COURT:  Any question about them?

16              THE DEFENDANT:  No, sir.

17              THE COURT:  All right.  You feel that you

18    understand what the government would need to prove in order

19    to establish you're guilty of the charge against you in

20    count two?

21              THE DEFENDANT:  Yes, Your Honor.

22              THE COURT:  All right.  And you did talk with your

23    counsel just for a moment there, correct?

24              THE DEFENDANT:  Yes, sir.

25              THE COURT:  All right.  What is, in your own
```

1   words, your understanding of the charge you're facing in

2   count two?

3          THE DEFENDANT:  I know that I have falsely made

4   statements to the FBI.

5          THE COURT:  Okay.  In connection with the

6   investigation of what?

7          THE DEFENDANT:  Of terrorist acts.

8          THE COURT:  All right.  Sir, in your opinion have

9   you had an adequate opportunity to talk with your counsel

10  about the evidence in this case and whether it does prove or

11  disprove that you're guilty of the charges against you?

12         THE DEFENDANT:  Yes.

13         THE COURT:  Have you also had an adequate

14  opportunity to talk with your counsel about whether or not

15  you should enter a guilty plea as well as the consequences

16  of doing so?

17         THE DEFENDANT:  Correct, yes.

18         THE COURT:  Are you completely satisfied with the

19  services of your counsel?

20         THE DEFENDANT:  Yes.  I'm willing to accept full

21  responsibility for my actions, sir.

22         THE COURT:  All right.  Mr. Sorrell, is there

23  anything that you wanted to see from the government in terms

24  of disclosure that you feel you were denied?

25         MR. SORRELL:  Your Honor, Mr. Jimenez has

1    instructed me to expedite these proceedings.  I do not have

2    discovery from the government, but I've been instructed to

3    proceed to this stage with pleading guilty without that.

4              THE COURT:  All right.  And you've talked to him

5    about the fact that he's right -- he's entitled to full

6    disclosure from the government of the evidence that they

7    have?

8              MR. SORRELL:  Yes, Your Honor, I have.

9              THE COURT:  All right.  And nevertheless he wishes

10   to waive that?

11             THE DEFENDANT:  He persists in wanting to plead

12   and wants to waive discovery and move along with the case as

13   it were.

14             THE COURT:  Okay.  So there's nothing that you

15   asked for from the government in light of that that you were

16   denied, correct?

17             MR. SORRELL:  That's correct.

18             THE COURT:  All right.  Thank you.

19        All right, Mr. Jimenez.  Has anyone done anything that

20   you consider to be wrong or unfair in order to pressure you

21   into entering a guilty plea?

22             THE DEFENDANT:  None at all.  No, sir.

23             THE COURT:  Are you making your decision here

24   today about whether or not to enter a guilty plea freely and

25   voluntarily?

1          THE DEFENDANT:  Yes.  For myself, yes.

2          THE COURT:  Sir, is -- all right.  Sir, has anyone

3   made any promises or representations to you whatsoever that

4   you're relying upon here today in deciding about whether or

5   not to enter a guilty plea?

6          THE DEFENDANT:  No.  No.

7          THE COURT:  All right.  Sir, I want to review the

8   penalties you're facing if you enter a guilty plea.  These

9   are set forth on page 2 of the notice that you have there

10  with you.

11      In regard to count one you're facing a maximum term of

12  10 years in prison.  Do you understand?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  All right.  You're also, with respect

15  to that count, facing a maximum term of three years of

16  supervised release.  You understand?

17         THE DEFENDANT:  Yes, Your Honor.

18         THE COURT:  You understand that supervised release

19  is a period of time during which you'd be subject to strict

20  conditions and if you were to violate those conditions you

21  could be imprisoned for a further term, correct?

22         THE DEFENDANT:  Yes.

23         THE COURT:  All right.  You're also facing a

24  maximum fine of $250,000 in regard to count one.  Do you

25  understand?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  All right.  In regard to count one

3    there's also a special assessment of $100 due at sentencing.

4    You understand that as well, correct?

5          THE DEFENDANT:  Yes.  Yes.

6          THE COURT:  All right.  With respect to count two

7    the maximum term of imprisonment you're facing is eight

8    years.  Do you understand?

9          THE DEFENDANT:  Yes, Your Honor.

10          THE COURT:  All right.  You understand that any

11    terms of imprisonment imposed with respect to these two

12    crimes could be consecutive, correct?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  You understand the difference between

15    consecutive and concurrent sentences, do you?

16          THE DEFENDANT:  Yes.

17          THE COURT:  All right.  With respect to count two

18    you're also facing a maximum term of three years supervised

19    release.  You understand?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  And in regard to that count again,

22    you're facing a separate maximum fine of $250,000.  You

23    understand, right?

24          THE DEFENDANT:  Yes.

25          THE COURT:  And there's a $100 special assessment

1    due at sentencing.  You understand that as well?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  All right.  These crimes that you wish

4    to enter a guilty plea with respect to are felonies.  As a

5    result, you'll be forfeiting certain civil rights, the

6    rights to vote, serve on a jury, hold public office, have

7    firearms and ammunition.  In addition, you may be precluded

8    from certain types of employment.  Do you understand?

9              THE DEFENDANT:  Yes, Your Honor.

10             THE COURT:  All right.  Did you have time to talk

11   with your counsel about the sentencing guidelines and how

12   they may be applied to you at sentencing?

13             THE DEFENDANT:  Yes.  Yes, sir.

14             THE COURT:  You understand those guidelines are

15   merely advisory and, therefore, the Court can, if it desires

16   to do so, sentence you to the maximum penalties that we just

17   reviewed for each of the two counts, correct?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Did you have time to talk with your

20   counsel about the various factors the Court can take into

21   account in connection with determining what sentencing

22   guideline range should be applied to you?

23             THE DEFENDANT:  Yes.

24             THE COURT:  So you understand the Court can take

25   into account such things as your personal criminal history,

 1   the conduct you engaged in with respect to the offenses at

 2   issue in this case, whether you were cooperative with the

 3   authorities or uncooperative, as well as a variety of other

 4   factors, correct?

 5           THE DEFENDANT:  Yes, Your Honor.

 6           THE COURT:  All right, sir.  As I mentioned, the

 7   form that you -- one of the forms that you signed off on

 8   does authorize the probation office to go out and conduct a

 9   background investigation about you.  They'll do that,

10   they'll prepare a report containing facts they think the

11   Court should rely upon in connection with determining your

12   sentence.

13       Your counsel will receive a copy of that report.

14   You'll have an opportunity to review it with him.  If you

15   believe it's inaccurate or misleading in some respect you'll

16   have an opportunity to be heard before the Court on the

17   matter.

18       I want you to understand after the Court holds a

19   hearing on the matter and hears evidence, the Court may

20   ultimately reject your version of the facts and accept some

21   other version of the facts.

22       Any question for me about that process or how it works?

23           THE DEFENDANT:  No, sir.

24           THE COURT:  All right, sir.  Because of all the

25   things we've been discussing in connection with sentencing,

1    at this point in time no one can tell you precisely what

2    sentencing guideline range will be applied to you at

3    sentencing, nor can they tell you precisely what sentence

4    you will receive.  The best they can offer you in regard to

5    those matters is an educated estimate.  Do you understand?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  Sir, you understand after you enter a

8    guilty plea you can't withdraw it, and that's true even if

9    you're dissatisfied with the sentence that's imposed and

10   believe it's too harsh, correct?

11             THE DEFENDANT:  Correct.

12             THE COURT:  All right, sir.  You understand if you

13   enter a guilty plea you're waiving all of the rights

14   associated with trial, correct?

15             THE DEFENDANT:  Correct.

16             THE COURT:  You understand that you're waiving the

17   right to appeal the finding that you are guilty of the

18   crimes you pled guilty to, correct?

19             THE DEFENDANT:  Correct.

20             THE COURT:  In addition, if you enter a guilty

21   plea you waive your right against self-incrimination, and as

22   a result the prosecutor and the Court can ask you detailed

23   questions about the crime at issue in this case and you'll

24   be required to answer those questions truthfully.  You

25   understand?

1           THE DEFENDANT:  Yes, sir.

2           THE COURT:  All right, sir.  The one right that

3   you don't give up when you enter a guilty plea is your right

4   to counsel.  You have that right at every stage of the

5   proceedings against you, including in regard to sentencing

6   and in regard to any appeal you may wish to take with

7   respect to your sentence once it's been imposed.  So keep

8   that in mind.  Okay?

9           THE DEFENDANT:  Yes, sir.

10          THE COURT:  All right, sir.  Have you reviewed the

11  statement of facts?  Well, let me talk to Mr. Sorrell about

12  that first.

13      Have you and your client reviewed the statement of

14  facts set forth in the Notice of Maximum Penalty, et cetera,

15  for accuracy?

16          MR. SORRELL:  We have some comments, Your Honor.

17  The answer is yes.  We have some comments.

18          THE COURT:  Do you want to highlight those for me

19  now or do you want me to address it with your client?

20          MR. SORRELL:  If I may just straighten that up for

21  you, Your Honor.

22      With respect to page 3, section 3(b), Mr. Jimenez --

23  Mr. Jimenez denies that he actually was going to carry out

24  or engage in any acts that are claimed.  He instead would

25  characterize the statements that he actually made as

1   chest-bumping, trying to make himself look important.  So

2   that's -- he denies that he's actually engaged in any

3   training.  That's the first comment, Your Honor.

4          THE COURT:  Okay.

5          MR. SORRELL:  Towards the bottom of the page, Your

6   Honor, second sentence from the bottom -- it's still on page

7   3.  The sentence begins, "Confidential Source engaged in

8   consensually recorded...".  I have briefly discussed that

9   statement, "consensually recorded," and it's been clarified

10  that that's relating to the confidential informant was

11  consenting to the recording.  Mr. Jimenez obviously did not

12  consent to the recording.

13         THE COURT:  Okay.  Fair enough.

14         MR. SORRELL:  And just as an overarching comment,

15  for the transcribed discussions that were in the document

16  from pages 4 to 6, again, Mr. Jimenez is not vouching for

17  the actual truth of those statements having been made but

18  instead would characterize those as, again, chest-bumping,

19  trying to make himself look more important.

20         THE COURT:  Well, he's not denying he made the

21  statements.

22         MR. SORRELL:  That's correct, Your Honor.

23         THE COURT:  What you're saying is that it was not

24  his intent to actually go forward with the plan for a

25  violent Jihad.

```
1              MR. SORRELL:  Yes, Your Honor.

2              THE COURT:  Okay.

3              MR. SORRELL:  And I believe that's all, Your

4    Honor.

5                   (Off the record discussion.)

6              MR. SORRELL:  Your Honor, he would also say that

7    he doesn't believe that Mr. Robertson was actually going to

8    carry out the acts that are alleged in here as well.

9              THE COURT:  Okay.  All right.  Mr. Jimenez, have

10   you reviewed the factual basis set forth in the notice you

11   have there in front of you, which is contained at pages 3

12   through 10, for accuracy?

13             THE DEFENDANT:  Yes, Your Honor.

14             THE COURT:  All right.  Your counsel's indicated

15   that you maintain that you did not intend to carry out any

16   violence, and furthermore that you did not believe that

17   Markus Robertson intended to carry out any violence against

18   others.  With that set aside for now, do you believe that

19   the statement of facts set forth in the notice is true and

20   accurate?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  All right.  Do you believe it's false

23   or even misleading in any respect?

24             THE DEFENDANT:  Meaning?

25             THE COURT:  Do you believe that the statement of
```

```
 1   facts in front of you --

 2            THE DEFENDANT:  Yes, sir.

 3            THE COURT:  -- is false --

 4            THE DEFENDANT:  No.

 5            THE COURT:  -- or even misleading in any respect?

 6            THE DEFENDANT:  No.  I said those statements, sir.

 7            THE COURT:  Okay.  All right.  And you made the

 8   statements that are set forth in pages 4 through 6, correct,

 9   that are attributable to you?

10            THE DEFENDANT:  Correct.

11            THE COURT:  All right.  And similarly, if you'll

12   turn to page 7 in the FBI interview that occurred on

13   February 22, 2011, which is summarized in terms of your

14   responses at pages 7 and 8; you did make those responses to

15   the questions that are outlined there?

16            THE DEFENDANT:  Yes, sir.

17            THE COURT:  All right.  And similarly, in regard

18   to pages 9 and 10, it says that in 2010 you submitted a tax

19   return, and in that tax return you claimed that three of

20   Markus Roberson's -- Robertson's, I'm sorry -- children were

21   your own.

22            THE DEFENDANT:  Correct.

23            THE COURT:  Did you do that?

24            THE DEFENDANT:  Yes, sir.

25            THE COURT:  All right.  And the statements that
```

 1   you made to the FBI and the tax return that was submitted

 2   for 2010 containing the false information, both of those

 3   events occurred in Orange County, Florida, correct?

 4          THE DEFENDANT:  Yes.

 5          THE COURT:  All right, sir.  Do you want to plead

 6   guilty because you are guilty or is there some other reason

 7   that motivates you to want to plead guilty?

 8          THE DEFENDANT:  First and most, sir, I -- first I

 9   feel ashamed at my behavior for assassinate another

10   individual's character in defaming that man.

11       Secondly, as a person who said that I know it's true

12   what I said and I never intended to do that, but I want to

13   accept full responsibilities of my poor actions.

14          THE COURT:  All right.  You admit that you are

15   guilty of the charges against you?

16          THE DEFENDANT:  Yes.  Yes, sir.

17          THE COURT:  Mr. Handberg?

18          MR. HANDBERG:  Yes, Your Honor.  You may have

19   covered this.  I also want Mr. Jimenez to know he is going

20   to be ordered to pay restitution with respect to count one.

21   And I know you covered some of his trial rights, but I don't

22   know if you've covered his rights to confront and

23   cross-examine his witnesses, to testify or not testify,

24   and --

25          THE COURT:  If you want I'll cover them.

1          MR. HANDBERG:  If you could, you know, I just want

2    to make sure under these circumstances in particular.

3          THE COURT:  Sure.  That's fine.

4       All right.  Mr. Jimenez, in terms of the penalties

5    you're facing, in addition to those that we previously

6    reviewed, you should expect to be ordered to make

7    restitution to any victims of the crimes at issue in this

8    case.  You understand?

9          THE DEFENDANT:  Yes, Your Honor.  I understand.

10         THE COURT:  All right.  In terms of -- you're

11   waiving your right to trial.  And as a result, you're

12   waiving all of your rights associated with trial.  Let me

13   briefly review those with you.

14      At your trial you have the right to counsel.  If you

15   cannot afford counsel, counsel would be provided for you at

16   no cost.

17      In addition, you have the right to a 12-person jury.

18   It would be that jury that would determine the facts in your

19   case.

20      You'd also have the presumption of innocence.  You

21   wouldn't be required to prove anything whatsoever at trial,

22   and it would be the government's burden to prove that you're

23   guilty beyond a reasonable doubt.

24      You'd also have the right against self-incrimination.

25   And as a result you could not be compelled to testify at

1    your own trial.  If you elected not to testify at your

2    trial, no negative inference could be drawn against you as a

3    result of that decision.  On the other hand, if you didn't

4    want to testify at your trial, you'd certainly have the

5    right to do so.

6         You'd also have the right to confront and cross-examine

7    each and every witness called by the government and the

8    right to object to the introduction of evidence offered by

9    the government.  Furthermore, you'd have the right to compel

10   witnesses to appear at your trial.

11        If you do enter a guilty plea you waive all those

12   rights associated with trial.  There won't be any trial, and

13   the Court will simply enter a judgment finding you guilty of

14   the offenses that you do plead guilty to.  Do you

15   understand?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  All right.  Sir, is there anything

18   further that you do want to ask me or tell me that may have

19   a bearing on your decision about whether or not you should

20   enter a guilty plea?

21             THE DEFENDANT:  No.

22             THE COURT:  Do you want to talk with your counsel

23   one last time before I ask you how you plead?

24             THE DEFENDANT:  Yes, please.  Yes.

25             THE COURT:  Sure.  Go ahead.

```
 1                    (Off the record discussion.)

 2               THE DEFENDANT:  Yes, sir.

 3               THE COURT:  All right.  You did talk to your

 4     counsel one last time?

 5               THE DEFENDANT:  Yes, Your Honor.

 6               THE COURT:  Was your counsel able to answer any

 7     question you may have had to your satisfaction?

 8               THE DEFENDANT:  Correct.

 9               THE COURT:  Are you now prepared to make your

10     final plea?

11               THE DEFENDANT:  Yes, Your Honor.

12               THE COURT:  Have you had any difficulty

13     understanding our communications in the hearing this

14     morning?

15               THE DEFENDANT:  No, sir.

16               THE COURT:  Counsel for the parties, are there any

17     additional matters you want the Court to address?

18               MR. HANDBERG:  No, Your Honor.  And as you've

19     indicated, the United States relies on the facts set forth

20     in the factual basis.

21               MR. SORRELL:  No, Your Honor.

22               THE COURT:  All right, then.  Mr. Jimenez, how do

23     you plead with respect to the charges against you in counts

24     one and two of the indictment?

25               THE DEFENDANT:  I plead guilty, sir.
```

 1          THE COURT:  All right, sir.  Based on your

 2    testimony, I do find that you're competent to decide whether

 3    or not to enter a guilty plea, that there is a proper

 4    factual basis for you to enter a guilty plea, that your

 5    desire to enter a guilty plea is made freely, knowingly,

 6    intelligently, and voluntarily, and it's not based on any

 7    promises or representations whatsoever.

 8       So I'm going to enter a report and recommendation to

 9    your district court judge recommending that your desire to

10    enter a guilty plea with respect to both counts be accepted

11    and that the matter be set for sentencing.  Okay?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  Anything further?

14          MR. HANDBERG:  No, Your Honor.  Thank you.

15          THE DEFENDANT:  Thank you, sir.

16          THE COURT:  We're adjourned.  Good luck.

17          THE DEFENDANT:  Thank you.

18             (Hearing concluded at 10:30 a.m.)

19                C E R T I F I C A T E

20          I certify that the foregoing is a correct

21    transcript from the record of proceedings in the

22    above-entitled matter.

23

24    s\Sandra K. Tremel          September 10, 2012

25